

# COURT OF APPEALS

REBECA C. MARTINEZ
   CHIEF JUSTICE
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
IRENE RIOS
BETH WATKINS
LIZA A. RODRIGUEZ
LORI I. VALENZUELA
   JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

MICHAEL A. CRUZ,
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

September 1, 2022

Kurtis S. Rudkin
616 E. Blanco Road
Suite 202 B
Boerne, TX 78006
* DELIVERED VIA E-MAIL *

Honorable Albert D. Pattillo, III
Kerr County Courthouse
700 Main Street
Kerrville, TX 78028
* DELIVERED VIA E-MAIL *

Lucy Wilke
Assistant District Attorney, 216th
Judicial District
200 Earl Garrett Street, Ste. 201
Kerrville, TX 78028
* DELIVERED VIA E-MAIL *

Jan Davis
District Clerk - Gillespie County
101 West Main Street, Room 204
Fredericksburg, TX 78624-3700
* DELIVERED VIA E-MAIL *

Dandy Middleton
P.O. Box 1082
Boerne, TX 78006
* DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:   04-22-00381-CR
       Trial Court Case Number:   7790
       Style:  Jose Andres Romero
             v.
             The State of Texas

     Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

     If you should have any questions, please do not hesitate to contact me.

               Very truly yours,
               MICHAEL A. CRUZ, Clerk of Court

               Luz Estrada
               Chief Deputy Clerk, Ext. 3219



# Fourth Court of Appeals
## San Antonio, Texas

September 1, 2022

No. 04-22-00381-CR

Jose Andres **ROMERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 7790
Honorable Albert D. Pattillo, III, Judge Presiding

# O R D E R

The trial court signed a judgment of conviction indicating that appellant Jose Andres Romero had pleaded guilty to the charged offense in the underlying case, and appellant filed a pro se notice of appeal. The clerk's record shows the trial court signed a certification stating the underlying case "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d).

This court has a duty to examine the record to determine whether the trial court's certification of defendant's right to appeal is accurate. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Generally, this review involves an examination of the clerk's record to determine whether the punishment assessed by the trial court exceeds the punishment recommended by the prosecutor and agreed to by the defendant. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Shankle v. State*, 119 S.W.3d 808, 811–12 (Tex. Crim. App. 2003). Here, because the clerk's record does not establish that the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we ordered the court reporter to file the reporter's record of any hearings related to appellant's guilty plea. The reporter's record, which was filed on August 29, 2022, shows that appellant agreed to plead guilty in exchange for the State's agreement to: (1) waive two enhancement allegations; and (2) recommend that appellant's sentences run concurrently rather than consecutively. The reporter's record further shows that the trial court confirmed with appellant and his appointed counsel that these provisions were part of the plea agreement. Finally, the reporter's record shows that appellant stated that he understood that he was waiving his right to appeal as part of the plea agreement.

Based on these facts, the reporter's record appears to support the trial court's certification that appellant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.) (holding that Rule 25.2 applies to plea agreements "[w]here a charge bargain effectively caps the maximum punishment"). Accordingly, appellant is given notice that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record **by October 3, 2022**. *See* Tex. R. App. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines are suspended until further order of the court. We further **ORDER** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of September, 2022.



_____
MICHAEL A. CRUZ, Clerk of Court